[Cite as *State v. Kennedy*, 2026-Ohio-2563.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRANDON TYRESSE KENNEDY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0092**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CR 00629

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kristie M. Weibling*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Rhys Brendan Cartwright-Jones*, for Defendant-Appellant

Dated:  July 2, 2026

**WAITE, P.J.**

{¶1} Appellant Brandon Tyresse Kennedy argues on appeal that the state failed to fulfill its obligation in a plea agreement involving seven felony charges. Appellant contends the state failed to fulfill its promise when recommending to the court the possible sentence to be imposed. The state agrees with Appellant and has confessed error. Our own review of this matter reveals that Appellant's arguments are correct. His conviction and sentence are reversed and the case is remanded for the trial court to vacate Appellant's conviction and sentence and determine if the remedy of rescission or of the strict enforcement of the plea agreement will be applied, and for further proceedings consistent with this Opinion.

<u>Facts and Procedural History</u>

{¶2} This matter involves criminal charges filed against Appellant arising from a fatal automobile traffic accident. It is alleged that Appellant drove his vehicle at a speed of 73 mph in a residential area and ran a stop sign. His car collided with another vehicle and then struck a tree, resulting in the death of a 12-year-old boy and severe injuries to a 13-year-old girl, both of whom were passengers in Appellant's vehicle.

{¶3} On October 31, 2024, Appellant was indicted in the Mahoning County Court of Common Pleas on seven counts, including aggravated vehicular homicide; aggravated vehicular assault; reckless operation; endangering children; and driving under suspension. The parties entered plea negotiations, and a change of plea hearing was held on May 28, 2025. The parties agreed to dismiss counts one, three, five, six, and seven. They agreed that Appellant would plead guilty to count two (aggravated vehicular homicide pursuant to R.C. 2903.06(A)(2)(a) and (B)(3), a second degree felony) and

count four (vehicular assault under R.C. 2903.08(A)(2)(b) and (C)(2), a third degree felony). The state agreed to recommend a prison term of eight to eleven years. (5/28/25 Tr., p. 3.) Specifically, the state agreed to request Appellant be sentenced to six to nine years on count two, to be served consecutively to a two-year term for count four. The written plea agreement signed by the parties also stated both that the recommended prison term would be eight to eleven years, and that the term would be six to nine years on count two, added to a two-year term on count four. The written plea form stated that the maximum penalty for count two was eight to twelve years in prison, and for count four was five years in prison. The written plea form also contains a Reagan Tokes advisement explaining that the Department of Rehabilitation and Correction (DRC) may rebut a presumption of release and hold an offender for a longer period within the statutory maximum.

{¶4} The court accepted the plea without explaining to Appellant the maximum possible sentence that could be imposed when taking into account the effect of the Reagan Tokes indefinite sentencing provisions. (5/8/25 Tr., pp. 7-8.)

{¶5} The sentencing hearing took place on July 11, 2025. Instead of adhering to its agreement, the state recommended a sentence of eight to twelve years in prison on count one and five years on count four, to run concurrently. (7/11/25 Tr., p. 10.) The prosecutor then corrected himself and said he was referring to count two. At the close of the hearing the court imposed eight years for count two and three years for count four, to be served consecutively. The court stated that the DRC could increase the sentence to up to twelve years on count two. The court failed to explain what the maximum possible sentence could be in light of the indefinite portion of the sentence. The sentencing entry

was filed on July 18, 2025. The entry stated that the total prison term was eleven to fifteen years in prison. This timely appeal followed. Appellee has confessed error in this appeal. While Appellant's assignments of error will be treated together, we note that after Appellant filed his brief, he filed a notice to withdraw his fourth assignment of error.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ACCEPTED MR. KENNEDY'S PLEAS WITHOUT A CLEAR AND CONSISTENT EXPLANATION OF THE MAXIMUM PENALTIES AND THE POSSIBLE CONSECUTIVE AGGREGATE, CONTRARY TO CRIM.R. 11(C)(2)(a) AND DUE TO PRINCIPLES DESCRIBED IN BOYKIN AND CLARK.

ASSIGNMENT OF ERROR NO. 2

THE WRITTEN CRIM.R. 11(F) PLEA FORM CONTAINED INTERNALLY INCONSISTENT AND HANDWRITTEN SENTENCING TERMS THAT CREATED A MATERIAL AMBIGUITY, WHICH THE COURT FAILED TO CLARIFY ON THE RECORD, CONTRARY TO CRIM.R. 11(F) AND CONTRACT PRINCIPLES RECOGNIZED IN BETHEL.

ASSIGNMENT OF ERROR NO. 3

THE COURT IMPOSED A SENTENCING STRUCTURE THAT DEPARTED FROM THE PARTIES' RECORDED PLEA UNDERSTANDING, YET THE COURT NEVER AFFORDED MR.

KENNEDY AN OPPORTUNITY TO WITHDRAW HIS PLEAS, CONTRARY TO SANTOBELLO, ENGLE, AND BASIC DUE PROCESS.

ASSIGNMENT OF ERROR NO. 4

THE COURT'S IMPOSITION OF CONSECUTIVE SENTENCES FAILED UNDER R.C. 2929.14(C)(4) AND R.C. 2953.08(G)(2) BECAUSE THE COURT USED GARBLED STATUTORY LANGUAGE AND THE RECORD DOES NOT CLEARLY AND CONVINCINGLY SUPPORT THE CONSECUTIVE FINDINGS AS REQUIRED BY BONNELL.

ASSIGNMENT OF ERROR NO. 5

THE COURT'S REAGAN TOKES ADVISEMENTS CONFLICTED WITH THE WRITTEN PLEA PAPERWORK AND THE STATE'S RECOMMENDATION, WHICH COMPOUNDED THE CRIM.R. 11 ERROR AND PREVENTED MR. KENNEDY FROM UNDERSTANDING HIS TRUE AGGREGATE MAXIMUM EXPOSURE.

{¶6}   The issue in this appeal is whether Appellant received the benefit of his plea bargain with the state.  To be precise, the issue is whether the state fulfilled its promise to recommend a prison term of eight to eleven years in prison and to recommend six to nine years on count two, to be served consecutively to two years on count four.  The state admits that it did not fulfill this element of the plea agreement, and the record clearly shows that the prosecutor made a completely different recommendation at sentencing.

Case No. 25 MA 0092

**{¶7}** Appellant also contends he should be permitted to withdraw his plea because neither the prosecutor nor the court clearly explained how the state arrived at its eight-to-eleven year recommendation in light of the indefinite sentencing provisions of the Reagan Tokes law. It is apparent that neither the prosecutor nor the court explained that an eight-to-eleven-year range could actually mean fifteen years in prison, given the effect of indefinite sentencing under the Reagan Tokes law. Appellant raises other aspects of the plea process to question the validity of the plea agreement itself, such as the failure of the court to clearly explain the maximum penalty that could be imposed, ambiguities in the language of the plea agreement, and conflicts between the terms of the plea agreement and the court's advisements at the change of plea hearing and at sentencing. Appellant asks this Court to find that the state breached the plea agreement and seeks to have the entire agreement vacated. However, Appellant acknowledged at oral argument that the remedy he seeks, rescission of the plea agreement, is a matter left solely to the trial court's discretion if he is successful in this appeal.

**{¶8}** A plea agreement is a contract, and the "[p]rinciples of contract law are generally applicable to the interpretation and enforcement of plea agreements." *State v. Bethel*, 2006-Ohio-4853, ¶ 50, overruled on other grounds by *State v. Garrett*, 2022-Ohio-4218. "[A]mbiguities in a plea agreement are to be construed against the state." *Id.* at ¶ 52.

**{¶9}** "Because the defendant's constitutional rights are at stake in the plea process, the concerns underlying a plea agreement differ from and go beyond those of commercial contract law." *State v. Dye*, 2010-Ohio-5728, ¶ 21.

{¶10} "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Koresjza v. Harry*, 2017 WL 6375583, *3 (6th Cir. Dec.12, 2017), quoting *Santobello v. New York*, 404 U.S. 257, 261-62 (1971). After a plea agreement has been accepted by the court, a defendant has a contractual right to enforce the prosecutor's obligations. *State v. Adams*, 2014-Ohio-724, ¶ 17 (7th Dist.).

{¶11} "When either party breaches the plea agreement, the non-breaching party is entitled to either rescission or specific performance of the plea agreement." *State v. Henderson*, 2019-Ohio-1081, ¶ 9 (9th Dist.).

{¶12} Whether a plea agreement has been breached is generally a matter of contract interpretation, which is reviewed de novo on appeal. *State v. Griffith*, 2021-Ohio-4165, ¶ 19 (5th Dist.)

{¶13} The state has conceded in this matter that it did not fulfill a material provision of the plea agreement. Appellant has the right to seek either specific enforcement of the plea agreement, or to have the plea agreement rescinded. Therefore, Appellant's first, second, third, and fifth assignments of error are sustained, his fourth assignment of error has been waived, and his conviction and sentence are reversed. The case is remanded to the trial court to vacate the conviction and sentence and determine which remedy to apply, either rescission and withdrawal of the plea agreement or specific performance of the plea agreement, and for further proceedings once that determination is made.

## Conclusion

{¶14} Appellant successfully argued on appeal that the state breached the terms of a felony plea agreement. The state promised to make a specific recommendation at

sentencing regarding the sentence that should be imposed. The prosecutor, however, made a completely different recommendation. The state has confessed error in this matter. On review of the record, the conviction and sentence are reversed. Although Appellant has expressed his desire to have his plea vacated, the matter is remanded to the trial court to vacate the conviction and sentence and to determine which remedy to apply, either rescission of Appellant's plea agreement or specific performance. The case is remanded for further proceedings consistent with this Opinion.

Robb, J. concurs.

Dickey, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. This matter is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**